UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HEIM,<br><br>        Plaintiff,<br><br>    v.<br><br>V. VOVKULIN, et al.,<br><br>        Defendants. | No.  2:21-cv-1077 AC P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5. This proceeding was referred to the undersigned by Local Rule 302 and 28 U.S.C. § 636(b)(1)(B). Plaintiff has also filed a "Motion for Order of Stay," ECF No. 8, which seeks an order preventing prison authorities from transferring him to another prison. The undersigned construes this motion as one for preliminary injunctive relief.

    For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted, and he will be given the opportunity either to proceed on the cognizable claims in his complaint or to amend the complaint. The undersigned will also recommend that plaintiff's motion for injunctive relief be denied.

////

////

I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLAINTIFF'S COMPLAINT

Plaintiff, an inmate at Mule Creek State Prison ("MCSP"), names two MCSP employees as defendants in this action: V. Vovkulin, a floor staff correctional officer, and P. Covello, the warden. ECF No. 1 at 1-2. Plaintiff alleges that defendants failed to protect him and keep him safe from contracting the COVID-19 virus in violation of his Eighth Amendment rights. Id. at 5. Specifically, plaintiff contends that for months, defendant Vovkulin failed to wear his personal protective equipment ("PPE") and mask or to wear them correctly, and that defendant Covello failed to enforce the COVID-19 procedures and PPE regulations. Id. at 3, 5.

On December 4, 2020, Vovkulin came to work infected with COVID-19, and the next day, plaintiff was told that Vovkulin had tested positive for the virus. Shortly thereafter, plaintiff was quarantined, and he, too, contracted the virus. Id. at 5.

Plaintiff claims that Vovkulin's failure to wear his protective gear led to him becoming infected with COVID-19 and led to the spread of COVID-19 throughout MCSP, endangering the entire prison population. Id. For these reasons, plaintiff contends that Vovkulin's decision to ignore procedures and regulations created to prevent the spread of COVID-19, as well as Warden Covello's failure to enforce COVID-19 prevention directives, constituted a failure to protect him and was a threat to his safety in violation of his Eighth Amendment rights. Id. Plaintiff asesrts that Officer Vovkulin's disregard of COVID protocols also constituted actionable negligence. Id. at 3.

Plaintiff alleges that COVID-19 has damaged his body both physically and mentally. Id. at 5. He was damaged psychologically because he felt like he was going to die. Id. The virus

made him vomit, gave him diarrhea, and took away his appetite.  Id.  He has experienced weight loss, constant headaches and body aches.  Id. at 3.

### IV. CLAIMS FOR WHICH A RESPONSE WILL BE REQUIRED

Construing the complaint in the light most favorable to plaintiff as the law requires,[1] it states cognizable claims against defendant Vovkulin under the Eighth Amendment and for negligence under state law.  Accordingly, Officer Vovkulin will be required to respond to the complaint.

#### A. Eighth Amendment: Deliberate Indifference to Health and Safety

##### 1. Applicable Law

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  DeShaney v. Winnebago County, 489 U.S. 198, 199-200 (1989) (citing Youngberg v. Romeo, 457 U.S. 307, 317 (1982) ("When a person is institutionalized – and wholly dependent on the State [,] . . . a duty to provide certain services and care does exist.")).  The DeShaney Court further explained:

> [W]hen the State by affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.*, food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

DeShaney, 489 U.S. at 200 (citations omitted).

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of [ ] inmates."  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  "[A] claimant need not show that a prison official acted or failed to act believing that harm would actually befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Farmer v. Brennan, 511 U.S. 825, 842 (1994).  The objective prong of the deliberate indifference test may be satisfied by a showing that the inmate

---

[1] See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

4

was exposed to a substantial risk of some range of serious harm; the harm actually suffered need not have been the most likely result among range of outcomes.  Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1076 (9th Cir. 2013).  Actual knowledge of the risk can be established by showing that it was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it."  Farmer, 511 U.S. at 842-48 (internal quotation marks omitted).

Whether the substantial risk of harm comes from a single source or from multiple sources does not matter.  "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health."  Farmer, 511 U.S. at 843 (citing Helling v. McKinney, 509 U.S. 25, 33-34 (1993) (stating Eighth Amendment protects against future harm)).

2. Discussion

With respect to Plaintiff's allegation that there was a need for Officer Vovkulin to properly wear his PPE and to observe COVID-19 protocols, the court takes judicial notice of the following relevant background information, most of which was readily available to the public during the period in question.  Discovered in 2019, COVID-19 is a viral respiratory disease.[2]  It spreads mainly from person to person through respiratory droplets produced when an infected person coughs, sneezes or talks.[3]  For people who have symptoms, illness can range from mild to severe.[4]  The Centers for Disease Control and Prevention reports that since 2019, in the United States, over seventy-nine million people have contracted the virus, and over nine hundred sixty-five thousand people have died.[5]

---

[2]  See Centers for Disease Control and Prevention. Coronavirus Disease 2019 (COVID-19). Atlanta, GA:  U.S. Dep't of Hlth and Hum. Servs, CDC (Mar. 21, 2022), https://www.cdc.gov/dotw/covid-19/index.html.
[3]  See id.
[4]  See id.
[5]  See Centers for Disease Control and Prevention. COVID Data Tracker.  Trends in Number of COVID-19 Cases and Deaths in the U.S. Reported to CDC, by State/Territory, Atlanta, GA:  U.S. Dep't of Hlth and Hum. Servs, CDC (Mar. 21, 2022), https://covid.cdc.gov/covid-data-tracker/support.html.

To combat the spread of the disease, since early 2020, basic measures such as wearing masks, social distancing, and thorough handwashing have been recommended in prisons.[6] In the past year, tiered vaccination has also become available to combat the continued proliferation of the virus.[7] In many places across the nation, particularly in federal, state and local governments, these measures have been mandated in enclosed places of business as well as in the workplace. For example, in November 2020, just before Plaintiff contracted COVID-19, the California Department of Corrections and Rehabilitation ("CDCR") received a directive from California Correctional Health Care Services regarding the expectations and requirements related to the wearing of PPE.[8] That document required all CDCR employees to wear masks at all times with few exceptions.[9]

In this case, plaintiff alleges that for months after COVID-19 had been determined to create a substantial risk of serious harm to inmates, defendant Vovkulin failed to follow COVID-19 suppression protocols created by the State and/or prison officials, i.e., wearing and/or properly using provided PPE when interacting with him and other inmates. See ECF No. 1 at 5. Given the highly contagious and potentially lethal nature of the virus, as well as the fact that it was well known in November 2020 – just before Vovkulin (and then plaintiff) contracted COVID-19 in December 2020 – that wearing PPE could significantly reduce the spread of the virus, plaintiff has stated a cognizable claim that Vovkulin's failure to wear his PPE when interacting with him constituted deliberate indifference to his health and safety in violation of his Eighth Amendment

---

[6] See Centers for Disease Control and Prevention.  CDC Guidance on Management of COVID-19 in Correctional and Detention Facilities (published Apr. 9, 2020), Atlanta, GA:  CDC (Mar. 21, 2022), https://stacks.cdc.gov/view/cdc/86815.
[7] See California Dep't of Pub. Hlth. California Has Moved Beyond the Blueprint (published May 18, 2021), Sacramento, CA (Mar. 21, 2022), https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/COVID-19/Dimmer-Framework-September_2020.pdf.
[8] See California Correctional Health Care Services.  Authorized Facial Coverings for All Employees, Contractors and Visitors Entering CDCR Institutions and DJJ Youth Facilities – Procedure Mask Distribution and Use (Mar. 21, 2022), https://www.cdcr.ca.gov/covid19/wp-content/uploads/sites/197/2020/11/PROCEDURE-MASK-DISTRIBUTION-AND-USE_FINAL-dated-11.19.20-Signed.pdf.
[9] See id.

1   rights.  Therefore, defendant Vovkulin will be required to respond to this claim.

        B.    State Law Negligence Claim

The complaint presents a negligence claim against defendant Vovkulin only.  ECF No. 1 at 3.  To state a claim for negligence under California law,[10] a plaintiff must show: (1) a defendant's obligation to conform to a certain standard of conduct (duty); (2) failure to conform to that standard (breach of duty); (3) a close connection between the defendant's conduct and resulting injuries (proximate cause), and (4) actual loss (damages).  See Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (citing McGarry v. Sax, 158 Cal.App.4th 983, 994 (2008)).

For purposes of screening, the same facts that support an Eighth Amendment claim against defendant Vovkulin also support a state law negligence claim.  The court has taken judicial notice of the fact that in November 2020, before plaintiff contracted COVID-19, prison employees were given directives to use PPE to reduce the spread of the COVID-19 virus and information about how to do so.[11]  The allegation that defendant Vovkulin failed to follow these directives adequately supports breach of a duty.  Vovkulin's contraction of the virus in December 2020 and plaintiff's infection shortly after interacting with him – as evidenced by Plaintiff being required to quarantine after it had been determined that Vovkulin had tested positive for the virus – adequately demonstrates proximate cause.  Finally, plaintiff's weight loss, constant head and body aches, vomiting and diarrhea experienced because of COVID-19 establish actual loss or damages.  This claim is suitable for service.

        V.    FAILURE TO STATE A CLAIM

Plaintiff's Eighth Amendment claim does not lie against Warden Covello.  The complaint's only allegation regarding Covello is that he "failed to enforce regulations for his

---

[10] Where, as here, a district court has original jurisdiction in a civil action, it has supplemental jurisdiction over all other claims in the action related to those over which the court has original jurisdiction if they are part of the same case or controversy.  28 U.S.C. § 1367(a).  A district court's exercise of supplemental jurisdiction is discretionary.  28 U.S.C. § 1367(c).

[11] See California Correctional Health Care Services.  Authorized Facial Coverings for All Employees, Contractors and Visitors Entering CDCR Institutions and DJJ Youth Facilities – Procedure Mask Distribution and Use (Mar. 21, 2022), https://www.cdcr.ca.gov/covid19/wp-content/uploads/sites/197/2020/11/PROCEDURE-MASK-DISTRIBUTION-AND-USE_FINAL-dated-11.19.20-Signed.pdf.

officers to wear PPEs." ECF No. 1 at 5. To state a claim under Section 1983, a plaintiff must show that each defendant personally participated the deprivation of his rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that Covello was present for, personally involved in, or affirmatively aware of Officer Vovkulin's allegedly high-risk interactions with plaintiff.

To the extent that plaintiff seeks to hold the Warden liable because of his general supervisory responsibilities, the "failure to enforce" allegation is insufficient. No defendant can be liable merely because he or she held a position of general authority or was responsible for supervising others; there is no respondeat superior liability under Section 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also Iqbal, 556 U.S. at 676. Absent personal participation in a violation of rights, a supervisor or administrator is liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012)). Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of a constitutional violation." Id. (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). Plaintiff's complaint is devoid of factual allegations showing that Warden Covello implemented a policy that repudiated the rights of inmates to health and safety, or that otherwise caused plaintiff's exposure to COVID-19 within the meaning of 42 U.S.C. § 1983.

Plaintiff will be provided an opportunity to amend this claim if he wishes to do so. In the alternative, plaintiff may elect to proceed against Officer Vovkulin only and dismiss Warden Covello.

## VI. LEAVE TO AMEND

For the reasons set forth above, the Court finds that the complaint does not state a cognizable Eighth Amendment deliberate indifference claim against defendant Warden P. Covello. However, it appears that plaintiff may be able to allege facts to remedy this, and he will

be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant V. Vovkulin on his Eighth Amendment and negligence claims. In the alternative, plaintiff may delay serving any defendants at this time and instead amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to do so. If plaintiff elects to proceed on his cognizable claims against defendant V. Vovkulin without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntary dismissal without prejudice of defendant Covello.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part on different grounds by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

VI. **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff has filed a motion for injunctive relief. ECF No. 8. He asks the Court to prevent staff at MCSP from moving him to administrative segregation or to another prison, contending that they may do so in order to prevent him from proceeding with this complaint against MCSP staff. Id. at 1.

A. Standards Governing Preliminary Injunctive Relief

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). The propriety of injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

B. Analysis

Plaintiff contends that his placement in administrative segregation and/or transfer to a different prison will prevent him from proceeding with this action. See ECF No. 8 at 1. The contention that either event would prevent plaintiff from being able to "focus on [his] complaint" (see id. at 2) is speculative, and speculative injury will not support injunctive relief. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). Even if the asserted injury were not speculative, it would hardly constitute the irreparable harm that is required for injunctive relief to issue.

Moreover, plaintiff has no right to be free from placement in administrative segregation or to be transferred to a different institution. See Meachum v. Fano, 427 U.S. 215, 225 (1976); Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991). Prison officials are vested with broad authority to transfer inmates, Meachum, 427 U.S. at 227, and courts must afford appropriate

deference and flexibility to state officials who are trying to manage a volatile environment.  See Sandin v. Conner, 515 U.S. 472, 482 (1995); Myron v. Terhune, 476 F.3d 716, 719 (9th Cir. 2007).  In sum, the day-to-day operation of state prisons is not the business of federal judges. Lucero v. Russell, 741 F.2d 1129, 1130 (9th Cir. 1984) (citing Meachum, 427 U.S. at 228-29).  Accordingly, the balance of equitable considerations does not tip in plaintiff's favor.

For all these reasons, the undersigned recommends that plaintiff's request for injunctive relief be denied.

### VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted.  You will not be required to pay the entire filing fee immediately.

You have stated claims against Officer Vovkulin for negligence and for violation of your Eighth Amendment rights.  You have not stated an Eighth Amendment claim against Warden Covello, because you have not provided facts showing that he *caused* the violation of your Eighth Amendment rights.  The Warden can only be liable if he knew of Officer Vovkulin's COVID-19 protocol violations and failed to act to prevent them, or if he created a COVID-19 policy at MCSP that itself clearly violated your constitutional right to health and safety.

You have a choice to make.  You may either: (1) proceed immediately on your claims against defendant Vovkulin and drop your Eighth Amendment deliberate indifference claim against defendant Covello, or (2) try to amend the complaint to fix the deliberate indifference claim against Covello.

If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your Eighth Amendment claim against defendant Covello.  If you choose to amend your complaint, the amended complaint must include all the claims you want to make, including the claims that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims not in the amended complaint will not be considered.**

You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives notice, it will issue an order telling you what you need to do

next (for example, file an amended complaint or wait for defendant Vovkulin to be served on the viable claims).

The magistrate judge is recommending denial of your request that MCSP officials be prevented from placing you in administrative segregation or transferring you. Orders granting you relief before you have won your case are limited to situations in which you are facing imminent and irreparable harm. Also, you do not have a constitutional right to be free from administrative segregation or transfer.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall randomly assign a District Judge to this action.

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The Court has screened the complaint and finds that plaintiff has not stated a § 1983 claim against defendant Warden P. Covello under the Eighth Amendment.

5. Plaintiff has the choice to **either** proceed immediately on his Eighth Amendment and negligence claims against defendant V. Vovkulin, **or** to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Eighth Amendment deliberate indifference claim against defendant P. Covello.

IT IS FURTHER RECOMMENDED that Plaintiff's request for a preliminary injunction (ECF No. 8) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 22, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HEIM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>V. VOVKULIN, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-1077 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　CHECK ONE:

_____   Plaintiff would like to proceed immediately on his Eighth Amendment deliberate indifference claim and his negligence claim against defendant V. Vovkulin. Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing his Eighth Amendment deliberate indifference claim against Defendant P. Covello pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____   Plaintiff would like to amend the complaint.

DATED: _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER HEIM
　　　　　　　　　　　　　　　　　　　　　Plaintiff Pro Se